Robert J. Scott, C.P.A. State Auditor Room 601, 1200 Lincoln Street Denver, Colorado 80203
Dear Mr. Scott:
You have requested my opinion with respect to what action the office of the State Auditor should take to comply with the requirements of the Colorado Local Government Audit Law in the circumstances described below.
QUESTION PRESENTED AND CONCLUSION
May the Yuma Soil Conservation District invest in subordinated certificates of Farmland Industries, Inc., a private corporation?
My conclusion is "no," under C.R.S. 1973, 24-75-601.
ANALYSIS
In considering your request I have examined your letter to me of June 15, 1978, the accompanying correspondence between your office and the Yuma Soil Conservation District (the "District"), the accompanying audit report for the District for the year ended December 31, 1977, and copies of the faces of the securities in question together with a copy of a statement of the District's holdings in Farmland Industries, Inc. as of December 31, 1977.
The following pertinent facts appear from those materials. Upon reviewing the audit report of the District for the year ended December 31, 1977, your office determined that the District had invested a part of its idle funds in subordinated certificates of Farmland Industries, Inc., in violation of C.R.S. 1973, 24-75-601. On April 28, 1978 your office wrote the District's Board of Supervisors so advising them and requesting that steps be taken to exchange the questionable investments for approved ones. In reply, Sherman Black, District secretary, stated that the funds in question are not "state money," and "are invested in a safe place at a higher rate of interest than most places and cannot be withdrawn until their maturity — up to 15 years."
C.R.S. 1973, 29-1-607(2) provides as follows:
 If the state auditor, in examining any audit report, finds an indication of violation of state law, he shall, after making such investigation as he deems necessary, consult with the attorney general, and if after such investigation and consultation he has reason to believe that there has been a violation of state law on the part of any person he shall certify the facts to the district attorney of the judicial district in which the alleged violation occurred who shall cause appropriate proceedings to be brought.
It is my opinion that the investment of the District funds in subordinated certificates of Farmland Industries, Inc. is not a lawful investment permitted by C.R.S. 1973, 24-75-601. The District is organized under the Colorado Soil Conservation District Act, C.R.S. 1973, title 35, article 70, and as such may invest funds on hand not then needed in the conduct of its affairs only in securities described in C.R.S. 1973, 24-75-601. C.R.S. 1973, 24-75-601(1) authorizes investment of such district funds in bonds or other interest-bearing obligations of the United States or which are unconditionally guaranteed by the United States; bonds which are a direct obligation of the State of Colorado or of any Colorado county or school district; Colorado state highway fund revenue anticipation warrants; bonds which are a direct general obligation of certain Colorado municipalities; notes or bonds secured by a mortgage insured pursuant to the National Housing Act, obligations of credit institutions organized under the National Housing Act, and debentures issued by the federal housing administration; bonds of Pueblo, Colorado water and park districts one and two and Pueblo conservancy districts; bonds of the Moffat tunnel improvement district and certain student loans. The investment limitations set out by this statute are "mandatory and exclusive," subject only to specific statutory exceptions. These limitations apply to all funds of the District available for investment, regardless of the source of the funds.
The investments in question are obligations of Farmland Industries, Inc., a Kansas corporation, and are in no way guaranteed by the federal, Colorado or any other government. These investments do not meet the requirements of legal investments for the District, as set out above. Nor have I found any statutory exception which would permit these investments.
A copy of this opinion and a copy of C.R.S. 1973, 24-75-601
should be brought to the attention of the District's Board of Supervisors and a request made for a statement as to what steps the Board will take to bring the District into conformity with C.R.S. 1973, 24-75-601 and how quickly those steps will be taken. In addition a copy of this opinion and a copy of C.R.S. 1973, 24-75-601
should be sent to the auditor for the District for future reference when preparing audit reports for the District. C.R.S. 1973, 29-1-605(1)(c) requires that all reports on audits of local governments shall contain "full disclosure by the auditor of violations of state or local law which come to his attention."
The failure of the District to comply with C.R.S. 1973, 24-75-601, may under the appropriate circumstances, subject individual members of the District Board of Supervisors to prosecution for criminal offenses such as official misconduct. Official misconduct is defined in C.R.S. 1973, 18-8-404 and 18-8-405.
In accordance with C.R.S. 1973, 29-1-607(2), you should now certify the relevant facts to the Honorable Doyle T. Johns, Jr., district attorney for the Thirteenth Judicial District, P. O. Box 386, Fort Morgan, Colorado. The district attorney should then cause appropriate proceedings to be brought.
SUMMARY
Under C.R.S. 1973, 24-75-601, the Yuma Soil Conservation District may not lawfully invest its funds in subordinated certificates of Farmland Industries, Inc.
Very truly yours,
 J.D. MacFARLANE Attorney General
SPECIAL DISTRICTS
C.R.S. 1973, 24-75-601
LEGISLATIVE BRANCH Auditor, Office of State
Under C.R.S. 1973, 24-75-601, the Yuma Soil Conservation District may not lawfully invest its funds in subordinated certificates of Farmland Industries, Inc.